IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TOKS BANC CORP., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:20cv393–HEH |
| ) | |
| UNITED NATIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER
(Dismissing Plaintiff's Complaint)

THIS MATTER is before the Court on its own initiative. On June 1, 2020, Adesijuol Ogunjobi (*pro se* "Plaintiff"), on behalf of himself and others similarly situated, filed a Class Action Complaint in this Court against the United Nations, the World Health Organization, and the Center for Disease Control (collectively, the "Defendants") (ECF No. 1). His forty-four-page Complaint alleges six claims—violations of 18 U.S.C. §§ 227 and 1001(1)(2)(3), and 25 C.F.R. § 11.430, as well as malfeasance, deprivation, and manipulation and brainwash—all arising out of the effects of the global pandemic. For the reasons set forth below, the Court finds that it may not exercise jurisdiction over this matter. Accordingly, the Court DISMISSES Plaintiff's Complaint.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988). "[T]he absence of jurisdiction

may be raised at any time during the case, and may be based on the court's review of the evidence." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

"The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). "Federal jurisdiction requires that a party assert a *substantial* federal claim." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (emphasis added). However, this standard is not meant to be used flippantly. *Crosby ex rel. Crosby v. Holsinger*, 816 F.2d 162, 164 (4th Cir. 1987) ("[T]he action must be clearly foreclosed by authoritative precedent or must have such a tenuous connection with a federal question that no possible facts would entitle the plaintiff to relief."). Notably, it is Plaintiff's burden to establish jurisdiction in this Court, and he has failed to assert in his Complaint a sufficiently substantial basis for jurisdiction in this matter. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the

clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Construing Plaintiff's Complaint liberally as this Court must, the principal relief Plaintiff seeks is for this Court to "declare coronavirus BOGUS." (Compl. ¶ 1.) Among other things, Plaintiff alleges that "[t]here is no scientific evidence COVID-19 actually exists let alone [is] harmful." (*Id.*) He appears to be operating upon a theory that, because sickness is an inherent component of the human experience, the protective measures taken by the United States Government have not only been unnecessary but have immeasurably harmed Plaintiff, and those represented by his class. (*Id.*) It is plain that "each [allegation] is a series of fantastical ramblings and frivolous statements." *Pearson v. Va.*, No. 3:19-cv-952–HEH, ECF No. 9 at 3. Further evidencing the triviality of Plaintiff's Complaint, Plaintiff includes an endless list of entities—some of which include the Democratic Party, the Los Angelos Rams, the Federal Reserve Bank of Richmond, and the People's Republic of China—as members of the class of Plaintiffs in this matter.

"Over the years, [the Supreme Court of the United States] has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" *Davis*, 856 F.2d at 650–51 (quoting *Hagans*, 415 U.S. at 536–37). The Fourth Circuit has directly acknowledged this principle. *See id.* at 651 ("[T]he substantiality doctrine

'remains the federal rule and needs no reexamination here.'" (quoting *Hagans*, 415 U.S. at 538.)) Plaintiff's lawsuit is precisely the type of case the Supreme Court contemplated when developing this doctrine as Plaintiff's Complaint emanates frivolity. "[T]his case is a monument to what ought not to be in a federal court." *Lovern*, 190 F.3d at 656.

Therefore, upon due consideration, this Court finds that it lacks subject matter jurisdiction and thus the matter cannot proceed. Accordingly, the Court hereby DISMISSES Plaintiff's Complaint. Plaintiff is free to amplify the factual and legal bases upon which his claim rests and then refile with this Court. Plaintiff's Motion for *Pro Se* E-Noticing is also DENIED AS MOOT (ECF No. 2).

Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Clerk is directed to send a copy of this Order to Plaintiff, who appears *pro se*. This case is CLOSED.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 9, 2020
Richmond, Virginia