IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| TOKS BANC CORP., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:20-CV-393-HEH |
| ) | |
| ) | |
| UNITED NATIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER
### (Dismissing the Amended Complaint)

THIS MATTER is before the Court on Adesijuola Ogunjobi's (*pro se* "Plaintiff") Amended Complaint, filed on April 16, 2021. (ECF No. 1.) In a Memorandum Order, entered on June 9, 2020, this Court dismissed Plaintiff's Complaint without prejudice after finding the Court lacked subject matter jurisdiction. (ECF No. 3.) Following this Court's decision, Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. (ECF No. 5.) On January 12, 2021, the Fourth Circuit affirmed this Court's determination that Plaintiff's Complaint failed to demonstrate a basis for subject matter jurisdiction, but also remanded the matter back to this Court to allow Plaintiff to amend the Complaint. (ECF No. 9.)

Pursuant to the Fourth Circuit's mandate, this Court issued an Order on March 10, 2021, giving Plaintiff thirty days to file an amended complaint. (ECF No. 14.) On April 5, 2021, Plaintiff filed a Motion for Extension of Time to File Amended Complaint, which this Court granted. (ECF Nos. 15, 16.) Plaintiff thereafter filed an

Amended Complaint on April 16, 2021. (ECF No. 17.) For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint fails to state any new claims or bolster any claims made in his previous Complaint. Accordingly, the Court will dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The statute governing *in forma pauperis* filings provides that "the court shall dismiss the case at any time if the court determines that the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) ("28 U.S.C. § 1915(e) . . . governs [*in forma pauperis*] filings in addition to complaints filed by prisoners.") The pleading standard against which a claim is analyzed for sufficiency under § 1915(e)(2)(B)(ii) is the same that would be used to analyze a claim challenged by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000)).

"In reviewing a motion to dismiss for failure to state a claim, [a court] must 'accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Ray*, 948 F.3d at 226 (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Considering the foregoing principles, Plaintiff clearly fails to allege a cognizable claim, and the Court will therefore dismiss the Amended Complaint. The factual basis

3

for Plaintiff's claims, as best the Court can decipher it, is generally unchanged compared to his original Complaint. Plaintiff claims that COVID-19 is a scam that Defendants created and perpetuated and seeks a declaration that "COVID-19 is a 'hoax,' 'scam,' 'sham,' and 'bogus.'" (Am. Compl. 45, ECF No. 17.) Plaintiff adds some new allegations listed in paragraphs seven through eleven. (*Id.* 6–8.) For example, Plaintiff concludes that COVID-19 does not exist because the World Health Organization provided conflicting information regarding the origin of the virus. (*Id.*) Furthermore, Plaintiff asserts that vaccine manufacturers are "battling" against test kit manufacturers to see who can "scam the global community more." (*Id.* 7.) Plaintiff also alleges that COVID-19 is another "element" of bigotry— describing COVID-19 passports as comparable to South African apartheid. (*Id.*) Plaintiff says that COVID-19 is a "crime without statutes where one can be arrested for non-compliance . . . or denied service." (*Id.*) Finally, in paragraph eleven, Plaintiff declares that COVID-19 is something that can be used to "denounce any party that questions COVID-19's veracity . . . ." (*Id.*) These new allegations are entirely conclusory and add no facts or plausible claims that could support a cause of action.

Throughout the Amended Complaint, Plaintiff cites numerous legal authorities— including constitutional provisions, federal and state statutes, and international law, none of which differ from the original Complaint. Almost all lack any plausible connection to Plaintiff's general allegations and are simply listed in the Complaint unaccompanied by context, factual support, or explanation. It is plain that "each [allegation] is a series of

4

fantastical ramblings and frivolous statements." *Pearson v. Virginia*, No. 3:19-cv-952-HEH, ECF No. 9 at 3. (E.D. Va. Apr. 2, 2020.)

"Over the years, [the Supreme Court of the United States] has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" *Davis*, 856 F.2d at 650–51 (quoting *Hagans*, 415 U.S. at 536–37). The Fourth Circuit has directly acknowledged this principle. *See id.* at 651 ("[T]he substantiality 'remains the federal rule and needs no reexamination here.'" (quoting *Hagans*, 415 U.S. at 538.)) Plaintiff's lawsuit is precisely the type of case the Supreme Court contemplated when developing this doctrine as Plaintiff's Amended Complaint emanates frivolity. "[T]his case is a monument to what ought not to be in a federal court." *Lovern*, 190 F.3d at 656.

For the reasons stated above, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. Plaintiff also filed a number of motions, including a Motion for Miscellaneous Relief, a Motion to Seal, and a Motion for Litigation Funding Disbursement (ECF Nos. 18, 19, 23.) As the Court dismisses Plaintiff's Amended Complaint, these Motions are DENIED AS MOOT. The Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's *in forma pauperis* status is hereby revoked for the purpose of appeal.

The Clerk is directed to send a copy of this Memorandum Order to Plaintiff, who appears *pro se*.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 9, 2021
Richmond, Virginia